UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROBERT BECK, on behalf of himself
and those similarly situated,

        Plaintiff,

vs.                   Case No.  2:10-cv-51-FtM-29SPC

4M TOWING, LLC, a Florida Limited
Liability Company; TAMALA WHITE,
individually,

        Defendants.

_____

### ORDER

    This matter comes before the Court on consideration of plaintiff's Renewed Motion for Entry of Default Final Judgment (Doc. #19) filed on July 2, 2010.  For the reasons stated below, the motion is due to be denied.

    On May 12, 2010, the Court denied plaintiff's prior request for a default judgment because "[n]either the Complaint nor the Declaration state that plaintiff was a non-exempt employee entitled to overtime compensation, and the motion fails to provide any argument as to why plaintiff is entitled to overtime compensation, aside from the default." (Doc. #16, p. 2.)  On June 22, 2010, the Court denied reconsideration because the "Complaint does not allege that plaintiff is a covered employee even though he was paid a commission, and does not allege that the FLSA applies to a tow truck driver." (Doc. #18, pp. 1-2)(emphasis added).

Plaintiff states that he has added evidence to the declaration and added argument to the motion sufficient to support a default judgment.  (Doc. #19, n.1.)  Plaintiff argues that the Complaint contains all of the allegations required to state a claim for compensation under the Fair Labor Standards Act under liberal notice pleading requirements.  The Complaint does indeed allege that defendants were "an enterprise covered by the FLSA", with "at least two employees engaged in interstate commerce and Defendants made over $500,000 a year in gross sales", and that plaintiff "engaged in interstate commerce."  See De Lotta v. Dezenzo's Italian Restaurant, Inc., 6:08-cv-2033-Orl-22KRS, 2009 WL 4349806 (M.D. Fla. Nov. 24, 2009).  Nonetheless, the Complaint remains deficient because it fails to allege that plaintiff is a nonexempt employee outside the commission exemption, 29 U.S.C. § 207(i), and that the time spent on-call was compensable, and that plaintiff is entitled to overtime compensation.  See generally Regidor v. Ascension Auto Serv., Inc., 8:08-cv-753-T-24MAP, 2009 WL 2766081 (M.D. Fla. Aug. 27, 2009).  Without these allegations, the Complaint does not allege a plausible claim supporting judgment. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009); James River Ins. Co. v. Ground Down Eng'g, Inc., 540 F.3d 1270, 1274 (11th Cir. 2008); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007).

The Declaration also does not address the deficiencies in the Complaint.  The Declaration states that plaintiff was paid a

commission of 35% per day, regardless of hours, plus tips.   (Doc. #19-1, ¶ 4.)   The Declaration does not unequivocally state that plaintiff was nonexempt under Section 207(i)[1] or that his regular hourly rate for the weeks at issue was not in excess of the applicable rate and therefore he is entitled to overtime compensation.[2]  The motion also fails to address this legal issue. Even if plaintiff had included _some_ reference to his nonexempt status, in the Declaration or the motion, defendants are not deemed to have admitted facts not alleged in the Complaint by virtue of their default.   Plaintiff has not moved to amend the complaint, which remains deficient, and the Court finds that the facts deemed admitted are insufficient to support a default judgment in favor of plaintiff.

Accordingly, it is now

**ORDERED:**

---

[1]"No employer shall be deemed to have violated subsection (a) of this section by employing any employee of a retail or service establishment for a workweek in excess of the applicable workweek specified therein, if (1) the regular rate of pay of such employee is in excess of one and one-half times the minimum hourly rate applicable to him under section 206 of this title, and (2) more than half his compensation for a representative period (not less than one month) represents commissions on goods or services." 29 U.S.C. § 207(i).

[2]The minimum hourly wage for the State of Florida was $6.79 an hour in 2008 and $7.21 an hour in 2009.   Therefore, the applicable minimum hourly rate for the exemption to apply was one and one-half time that rate was $10.19 and $10.82, respectively.   See U.S. Department of Labor website. http://www.dol.gov/whd/state/stateMinWageHis.htm.

Plaintiff's Renewed Motion for Entry of Default Final Judgment (Doc. #19) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this __24th__ day of August, 2010.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of record